IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Javier Robles, | Case No. 4:15 CV 1220 |
| Petitioner, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Ralph Hanson, | |
| Respondent. | |

## INTRODUCTION

*Pro se* Petitioner Javier Robles filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in June 2015 (Doc. 1). Robles, who is in custody at the Federal Correctional Institution in Elkton, Ohio ("FCI-Elkton"), alleges the Bureau of Prisons ("BOP") erroneously computed his sentence. Respondent, the FCI-Elkton Warden, claims Robles did not exhaust his administrative remedies and argues the Petition is meritless (Doc. 10). Robles responds (Doc. 11). For the reasons set forth below, the Petition is dismissed.

## BACKGROUND

Robles was arrested in New York on federal robbery charges in 2002. While out on bail, agents from the federal Drug Enforcement Administration arrested Robles on a federal drug charge. In June 2004, Robles pled guilty to the drug charge and received a sentence of 96 months ("first sentence"), which began on October 25, 2004. On October 13, 2006, Robles was convicted of the

robbery charges and sentenced to 240 months ("second sentence"), to be served concurrently with the first sentence (Doc. 10 at 2–3).

Robles later requested a reduced sentence due to changed conditions, but the court denied the request after a hearing. The court reaffirmed the second sentence, but stated "[i]t's the Court's intention that this sentence be deemed to begin to run on October 25 of 2004" -- the date Robles began serving the *first* sentence (*id.* at 3). However, the court's final amended judgment differed from the statement at the hearing by (1) reducing the second sentence to 236 months, and (2) ordering the sentence "to run concurrently with the undischarged term of imprisonment" (*id.* at 4). The BOP therefore computed the second sentence to run concurrent with the first sentence beginning on October 13, 2006 -- the date the *second* sentence was imposed.

Robles contends the second sentence should be calculated from the date of the first sentence because of the court's statement at the sentencing hearing. He further claims this Petition is not procedurally barred, and is appropriate under 28 U.S.C. § 2241.

## STANDARD OF REVIEW

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). Generally, Section 2241 may only be used by a federal prisoner seeking to challenge how he serves his sentence, not the validity of the sentence itself. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any

such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

## DISCUSSION

The Warden provides alternative reasons for dismissal of the Petition: (1) Robles did not exhaust his administrative remedies, and (2) the current sentence computation is correct in any event.

### Robles Failed to Exhaust Administrative Remedies

Federal prisoners must exhaust administrative remedies before filing a Section 2241 petition. *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981); *United States v. Oglesby*, 52 F. App'x 712, 714 (6th Cir. 2002) (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Cobleigh*, 75 F.3d 242, 251 (6th Cir. 1996)). Prisoners who procedurally default on their claims by failing to exhaust must demonstrate cause and prejudice for the omission. *See Engle v. United States*, 26 F. App'x 394, 396 (6th Cir. 2001).

Robles sought administrative relief at the institutional and regional levels of review. He filed a petition with the FCI-Allenwood Warden, which was denied. Robles then appealed to the BOP northeast regional office (Doc. 10 at 7–8), which denied the appeal and advised Robles that he could appeal to the Office of General Counsel. But Robles did not do so, and offers no explanation why. His claims are therefore defaulted and must be dismissed.

### Robles' Sentence was Computed Correctly

The Petition is meritless in any event. Robles argues his sentence is improperly computed because the commencement date of October 13, 2006 is incorrect, and further claims he was denied prior custody credit. The BOP administers federal sentences. *See* 18 U.S.C. § 3621(a). To compute a sentence, the BOP first determines the commencement date. *Gonzalez v. Rushing*, 2012 WL

3

2127728, at *3 (N.D. Ohio 2012). Federal law provides that a sentence cannot begin before the date on which it was imposed. 18 U.S.C. § 3585(a). The BOP then applies any jail-time credit to which the offender may be entitled under 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offence for which the sentence was imposed;
>
> that has not been credited against another sentence.

Robles argues the district court intended the second sentence to run from the commencement of the first sentence in 2004 (Doc. 1 at 3). While Robles' position is understandable given the court's statement at sentencing, the court could not order the second sentence to begin running prior to the date it was imposed. *See Johnson v. Shartle*, 2013 WL 2387765, at *2 (N.D. Ohio 2013) ("Mr. Johnson believes his federal sentence should commence on the same date his state sentence commenced in order for the two to run concurrently. A federal sentence cannot commence, however, before the date on which it is imposed."). The second sentence can only run from the date it was imposed: October 13, 2006.

Robles further argues he did not receive credit against his second sentence for the time he served on his first sentence between 2004 and 2006. But that time was credited toward his first sentence before it became aggregated into the second sentence. Robles cannot count that time twice. *See* 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 337 (1992).

4

**CONCLUSION**

For the foregoing reasons, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is dismissed. Further, this Court certifies that an appeal of this action could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

                                                          s/ *Jack Zouhary*
                                                     JACK ZOUHARY
                                                     U. S. DISTRICT JUDGE
                                                     March 22, 2016